972 F.2d 1353
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Barry L. DYER, Petitioner,
v.
TENNESSEE VALLEY AUTHORITY, Respondent.
 No. 91-3588.
 United States Court of Appeals, Federal Circuit.
 June 4, 1992.
 
 Before ARCHER, PLAGER and LOURIE, Circuit Judges.
 ARCHER, Circuit Judge.
 
 
 1
 Barry L. Dyer (Dyer) appeals the March 25, 1991 decision of the Merit Systems Protection Board (MSPB or board), No. SL03519110133, which became final on July 29, 1991. The board dismissed for untimeliness Dyer's appeal from the October 31, 1990 decision of the Tennessee Valley Authority (TVA) denying his claim of discrimination. We vacate and remand.
 
 I.
 
 2
 On January 25, 1989, Dyer received a reduction in force (RIF) notice which informed him that his position with the TVA's Watts Bar Nuclear Plant was being eliminated and that he would be terminated effective March 1, 1989. The notice explained his right to file either an appeal with the MSPB or an administrative Equal Employment Opportunity (EEO) complaint. A copy of the MSPB regulations and a copy of the MSPB appeal form were attached to the notice as required by 5 C.F.R. § 1201.21.
 
 
 3
 Dyer elected to file an administrative EEO complaint with the TVA, which issued a final decision, dated October 31, 1990, finding that Dyer had not been subject to discrimination. The decision stated:
 
 
 4
 If you are dissatisfied with my decision, you have the following appeal rights:
 
 
 5
 You have the right to appeal the matter to the MSPB WITHIN 20 CALENDAR DAYS of receipt of this final agency decision.
 
 
 6
 Since Dyer received the TVA's final decision on November 20, 1990, his appeal was due on December 10, 1990. 5 C.F.R. § 1201.154(b)(1).
 
 
 7
 Dyer then mailed a letter to the MSPB on December 7, 1990, which stated:
 
 
 8
 In regard to TVA final agency decision of my discrimination case (No. 2079). I would like to appeal this case to the MSPB. Please send me the necessary documents that I need in order to file a formal complaint.
 
 
 9
 (Emphasis added.) On December 10, 1990, the board received Dyer's letter and sent him an appeal form and a copy of the board's regulations. Dyer in turn filed this appeal form with the board on December 27, 1990.
 
 
 10
 Because of the December 27, 1990 filing of the appeal form, the administrative judge (AJ) in his acknowledgement order directed Dyer to address the problem of untimeliness. Dyer did not discuss the timeliness issue in his response to the AJ's acknowledgement order. The AJ concluded that Dyer had not shown good cause for failing to file a timely appeal and granted the TVA's motion to dismiss the appeal. In reaching this conclusion, the AJ gave no indication of what effect Dyer's December 7, 1990 letter might have on timeliness.
 
 II.
 
 11
 Dyer argues that his December 7, 1990 letter should be treated as a timely appeal. The TVA counters that the letter is insufficient to meet the requirements of 5 C.F.R. § 1201.24(a). In particular, the TVA argues that Dyer's letter reveals nothing about the subject matter of the case, the reasons why the TVA decision was in error, or the relief requested, and thus does not comply with 5 C.F.R. § 1201.24(a)(1), (2), (4), (5).
 
 
 12
 Dyer's December 7, 1990 letter obviously does not satisfy the requirements of 5 C.F.R. 1201.24(a). Dyer contends, however, that because the TVA did not furnish him with a copy of the MSPB regulations or appeal form at the time of the agency's October 31, 1990 decision, his failure to comply precisely with required procedures should be excused. Specifically, 5 C.F.R. § 1201.21 states that "[w]hen an agency issues a decision notice to an employee on a matter that is appealable to the Board, the agency must provide the employee" (emphasis added) not only with notice of the time limits for appealing to the board, but also with a copy or access to a copy of the board's regulations, and a copy of the MSPB appeal form. While these documents were not included with the TVA's final decision, the TVA argues that the regulations and appeal form furnished Dyer at the time of the RIF decision in January 1989, some 22 months earlier, satisfied the regulatory requirement.
 
 
 13
 Because the AJ made no findings as to whether Dyer's December 7, 1990 letter and later filed appeal form were sufficient to make Dyer's appeal timely, or to warrant a waiver of the time limitation for filing an appeal, we vacate the board's decision and remand for this purpose. On remand, the board should also consider whether 5 C.F.R. § 1201.21 required the TVA to furnish Dyer with the regulations and appeal form after the October 31, 1990 decision in the administrative EEO proceeding.
 
 COSTS
 
 14
 Costs to Dyer.